UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY UPCHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01310-SEB-KMB |
| | ) | |
| STATE OF INDIANA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

This cause is before the Court on Defendants' Motion for Partial Judgment on the Pleadings [Dkt. 18]. Plaintiff Timothy Upchurch brings his most recent lawsuit alleging that he was subjected to unlawful discrimination and retaliation by Defendants State of Indiana, Indiana Department of Correction, Indiana State Personnel Department, Wendy Knight, and Andrew Cole, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Defendants seek judgment on the pleadings as to all claims and defendants other than the Title VII discrimination and retaliation claims alleged against Defendant Indiana Department of Correction. For the reasons detailed below, we **GRANT** Defendants' motion.

**Factual Background**

For approximately thirty years, Mr. Upchurch has worked in various positions within the Indiana Correctional Industrial Facility (CIF), which is operated by the Indiana Department of Correction, an agency of the State of Indiana. This is the second of two

1

employment discrimination cases filed by Mr. Upchurch in our Court.  The first case, *Upchurch v. Indiana Department of Correction*, No. 1:19-cv-4644-SEB-MG, dealt with Mr. Upchurch's allegations of discriminatory and retaliatory employment actions occurring prior to January 28, 2022; this second case involves allegations arising after that date.  On February 7, 2024, the Court granted summary judgment in favor of the Indiana Department of Correction[1] in Mr. Upchurch's first employment discrimination and retaliation case.  That decision is currently on appeal before the Seventh Circuit Court of Appeals.

In the instant case, Mr. Upchurch names as Defendants the State of Indiana; two state departments—the Indiana Department of Correction and the Indiana State Personnel Department; Wendy Knight, the former warden of CIF; and Andrew Cole, the former deputy warden of CIF, who is now employed at a different facility, in their individual and official capacities.  Mr. Upchurch's complaint contains the following allegations regarding the identity of his employer(s):

> The complaint names as Defendants, the State of Indiana, whom Plaintiff has been told by the State of Indiana is his employer, the Indiana Department of Correction, whom the State of Indiana now claims is his employer, and the Indiana State Personnel Department, which acts as part of the employer by providing to the State of Indiana and the Indiana Department of Correction employees who are imbedded in the State of Indiana and the Indiana Department of Correction to make employment policies and practices, conduct trainings, investigations, and recommendations for adverse actions against the employees, maintain

---

[1] Mr. Upchurch originally named the State of Indiana as the sole defendant in 1:19-cv-4644-SEB-MG.  However, after finding that the Indiana Department of Correction, rather than the State, was Mr. Upchurch's employer for Title VII purposes, the Court substituted the Department of Correction as the named defendant.

>personnel records for the employees, and provide employment information about employees to other organizations.

Compl. ¶ 152.  The complaint further alleges that "[t]he Defendants work together as an employer, joint employer, or other arrangements to cause adverse employment actions against the employees." *Id.* ¶ 153.

Much of Mr. Upchurch's complaint is virtually identical to the complaint filed in his prior employment discrimination lawsuit, including the factual allegations regarding the allegedly adverse actions taken by Defendants prior to January 28, 2022, all of which were addressed in our ruling in his first case.  The allegations set forth in Mr. Upchurch's new complaint include that, on August 14, 2022, he complained to CIF's Diversity and Inclusion Specialist of discrimination and retaliation, after which Defendants issued an unjustified written reprimand against him on September 28, 2022, and that, between February 11, 2022 and June 12, 2023, he applied for nearly thirty positions within both the Department of Correction and other State agencies, but Defendants failed to promote or hire him to any of those jobs.  Based on these facts, Mr. Upchurch (again) alleges race discrimination and retaliation claims under Title VII, § 1981, and § 1983 against all Defendants.

Now before the Court is Defendants' Motion for Judgment on the Pleadings as to all claims alleged against them, other than the Title VII race discrimination and retaliation claims alleged against the Indiana Department of Correction.  That motion is fully briefed and ripe for ruling.

## Legal Analysis

I.  **Applicable Legal Standard**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the complaint and answer have been filed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). When resolving a motion for judgment on the pleadings, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quotation marks and citation omitted). "Judgment on the pleadings is appropriate where there are no disputed issues of material fact and it is clear that the moving party" is "entitled to judgment as a matter of law." *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).

In addition, "we draw all reasonable inferences and facts in favor of the non-movant, but need not accept as true any legal assertions" (*Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018)), considering only the pleadings, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The Court is also permitted to consider "information that is subject to proper judicial notice," along with additional facts set forth in the plaintiff's brief opposing dismissal, so long as

4

those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

## II. Discussion

Mr. Upchurch alleges that Defendants intentionally discriminated and retaliated against him, in violation of Title VII, § 1981, and § 1983. Although his complaint does not specify which claims are alleged against which Defendants, in his response brief in opposition to the motion for judgment on the pleadings, Mr. Upchurch has clarified that does not intend to assert § 1981 and § 1983 claims against the State of Indiana, the Department of Correction, or the State Personnel Department, nor does he allege official capacity claims for monetary damages under § 1983 against Defendants Knight and Cole. Accordingly, such claims—to the extent they were included in the complaint—are hereby dismissed.

The remaining claims by Mr. Upchurch under review here based on Defendants' motion for judgment on the pleadings are as follows: (1) § 1983 claims for monetary damages against Defendants Knight and Cole in their individual capacities; (2) § 1983 claims for injunctive relief against Defendants Knight and Cole in their official capacities; (3) § 1981 claims against Defendants Knight and Cole in their official and individual capacities; and (4) Title VII claims against the State of Indiana, the State Personnel Department, and Defendants Knight and Cole. We address these claims in turn below.

5

### A. §§ 1981 and 1983 Claims

Mr. Upchurch has sued Defendants Knight and Cole in their official and individual capacities for race discrimination and retaliation under § 1981 and § 1983. Seventh Circuit law is clear that § 1983 is "the exclusive remedy for violations of § 1981 committed by state actors."[2] *Campbell v. Forest Pres. Dist.*, 752 F.3d 665, 671 (7th Cir. 2014). Because there are no facts alleged in the complaint that support a plausible inference that Ms. Knight and Mr. Cole were at any point acting outside the scope of their authority as employees of the Indiana Department of Correction when they engaged in the actions challenged by Mr. Upchurch, they are unquestionably state actors and we therefore construe Mr. Upchurch's § 1981 official capacity *and* individual capacity claims against them as arising under § 1983. *See Jett v. Dallas Independent Sch. Dist.*, 491 U.S. 701 (1989) (holding that claim under § 1981 could not proceed against school principal sued in "his personal and official capacities"); *Outley v. City of Chi.*, 407 F. Supp. 3d 752, 762–63 (N.D. Ill. 2019) (holding that the plaintiff could not state a § 1981 claim against state employees, even by suing them in their individual capacities). Accordingly, any standalone § 1981 claims alleged against Defendants Knight and Cole must be, and are, dismissed.

We turn next to Mr. Upchurch's § 1983 claims against Defendants Knight and Cole in their official capacities. Although the Eleventh Amendment immunizes state officials

---

[2] Although not entirely clear from his complaint, Mr. Upchurch has clarified in his briefing in opposition to the instant motion that he is not pursuing a separate constitutional claim under § 1983; rather, he is seeking only to enforce his § 1981 rights through § 1983.

6

sued in their official capacities against damages suits, under the narrow exception of *Ex Parte Young*, 209 U.S. 123 (1908), state officials may be sued in their official capacities when "the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002). "[A] suit for prospective injunctive relief is not deemed a suit against the state and thus is not barred by the Eleventh Amendment." *Kashani v. Purdue Univ.*, 813 F.2d 843, 848 (7th Cir. 1987).

Mr. Upchurch contends that his claims against Defendants Knight and Cole in their official capacities come within the *Ex Parte Young* exception because he seeks relief for ongoing discrimination and retaliation in the form of injunctive relief, i.e., reinstatement and front pay. Mr. Upchurch is not eligible, however, to seek reinstatement because he was never terminated, and, although he was demoted in 2019, that demotion was the subject of his prior lawsuit, not this one. It is true that, "[w]hen reinstatement is not possible, front pay is generally an appropriate alternative equitable remedy. For purposes of the Eleventh Amendment, however, front pay is not analogous to the prospective relief permitted under *Ex Parte Young* because 'it must be paid from public funds in the state treasury.'" *Campbell v. Ark. Dep't of Correction*, 155 F.3d 950, 962 (8th Cir. 1998) (citation omitted). Accordingly, Mr. Upchurch's request for "front pay" falls outside the bounds of permissible relief allowed under *Ex Parte Young* and his official capacity § 1983 claims against Defendants Knight and Cole are therefore barred by the Eleventh Amendment. Even if those claims were not so barred, neither Ms. Knight nor Mr. Cole could effectuate Mr. Upchurch's requested prospective relief because they no

7

longer work at CIF. For these reasons, the Court must dismiss Mr. Upchurch's official capacity § 1983 claims against Defendants Knight and Cole.

Unlike official capacity § 1983 claims, the Eleventh Amendment typically does not bar suits brought against state officials in their individual capacities "because the plaintiff is seeking damages from individuals rather than from the state treasury." *Luder v. Endicott*, 253 F.3d 1020, 1022–23 (7th Cir. 2001). If, however, the plaintiff's lawsuit "demonstrably has the identical effect as a suit against the state," a plaintiff may not seek monetary relief against state employees in their individual capacities. *Haynes v. Ind. Univ.*, 902 F.3d 724, 732 (7th Cir. 2018) (internal quotation marks omitted). This means that Eleventh Amendment "sovereign immunity bars individual-capacity claims for damages whenever the money will flow from the state treasury to the plaintiff." *Id.* (internal quotation marks omitted).

Applying these legal principles, courts in our circuit have found in similar cases to this, "[w]hen the plaintiff seeks damages against individual defendants arising from an employment relationship, Eleventh Amendment immunity applies because any damages would be paid by the state employer." *Wade v. Ind. Univ. Sch. of Med.*, No. 1:16-cv-02256-TWP-MJD, 2019 WL 3067519, at *8 (S.D. Ind. July 12, 2019) (citing *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003) (holding that because the plaintiff sought backpay and other forms of monetary compensation based on an employment contract, it was "so inescapable that any resulting judgment will be paid by the state rather than the individual defendants that this bears no resemblance to a bona fide individual capacity suit"); *Haynes*, 902 F.3d at 732 ("University administrators were not parties to [plaintiff's]

employment contract in their individual capacities.  We have no reason to believe that they, rather than the University would foot the bill for a resulting judgment.  Sovereign immunity therefore defeats [plaintiff's] damages action against the University administrators, both in their individual and official capacities.")).  Based on this case law, we find that Mr. Upchurch's § 1983 damages claims asserted against Defendants Knight and Cole in their individual capacities are indistinguishable from a suit against the state and therefore must be dismissed based on sovereign immunity.

### B. Title VII Claims

Defendants have moved for judgment on the pleadings as to all Mr. Upchurch's Title VII claims except those brought against the Indiana Department of Correction, on grounds that there is no other named defendant who was Mr. Upchurch's employer for Title VII purposes.  Mr. Upchurch rejoins that, because he has alleged that he is jointly employed by the Indiana Department of Correction, the State of Indiana, and the State Personnel Department, Defendants' motion for judgment on the pleadings as to his Title VII claims must be denied.

Initially, we note that, because of the structure of Mr. Upchurch's complaint, it is almost impossible to discern which claims he is bringing against which defendants.  However, insofar as Mr. Upchurch is alleging Title VII claims against Defendants Knight and Cole, any such claims can be disposed of swiftly.  It is well-settled Seventh Circuit law that only a plaintiff's employer, not an individual supervisor, can be held liable under Title VII.  *Walker v. Mueller Indus., Inc.*, 408 F.3d 328, 330 (7th Cir. 2005).  In light of this firmly established case law, Mr. Upchurch cannot plausibly allege that either Ms.

Knight or Mr. Cole ever personally employed him as a correctional officer at the CIF. Accordingly, to the extent that Mr. Upchurch is attempting to sue Defendants Knight and Cole for alleged Title VII violations, any such claim necessarily fails.

The Seventh Circuit clarified in *DaSilva v. Indiana*, 30 F.4th 671 (7th Cir. 2022), that in lawsuits brought against state entities under Title VII, such as this one, the term "employer" is "understood to mean the particular agency or part of the state apparatus that has actual hiring and firing responsibility," not necessarily the "State" itself. *Id.* at 674 (quotation marks and citation omitted). Thus, determining the identify of a plaintiff's employer for purposes of Title VII usually involves a factual determination of which state agency or department has hiring and firing power over the plaintiff, which analysis is ordinarily beyond the scope of a motion for judgment on the pleadings. *See Hearne v. Bd. of Educ. of City of Chi.*, 185 F.3d 770, 777 (7th Cir. 1999). We addressed this identical issue at summary judgment in Mr. Upchurch's first employment discrimination suit, Case No. 1:19-cv-4644, holding that the State of Indiana had demonstrated with its designated evidence that the Department of Correction, rather than the State as a whole, possesses the power to hire or fire employees working in its correctional facilities and thus was Mr. Upchurch's sole employer for Title VII purposes. We hereby judicially note that fact of this judicial decision and that such a finding was made. *See Guaranty Bank v. Chubb Corp.*, 538 F.3d 587, 591 (7th Cir. 2008) ("[A] court is of course entitled to take judicial notice of judicial proceedings ….").

Here, Mr. Upchurch has added a conclusory allegation to his complaint that Defendants "work together as … [a] joint employer … to cause adverse employment

10

actions against the employees," but the only facts cited in support of that legal conclusion are that he has at times been told that the State of Indiana is his employer and that the State Personnel Department provides employees to the State and Department of Correction who create employment policies, conduct trainings, investigations, make recommendations regarding discipline, maintain personnel files, and provide employment information about employees to other organizations. There is no allegation, however, that either the State or the State Personnel Department is responsible for hiring and firing decisions within Department of Correction facilities, which is the controlling factor in determining his employer *for Title VII purposes*. The fact that Mr. Upchurch may have been told in other contexts that he is a State employee is not relevant to a determination of who his employer is under Title VII. Accordingly, while we accept as true the facts alleged in the complaint and draw all inferences in favor of Mr. Upchurch, we find it implausible that the State itself or the State Personnel Department, rather than the Department of Correction, was Mr. Upchurch's employer with hiring and firing responsibility. For these reasons, we hold that Mr. Upchurch has failed to plausibly allege that either the State or the State Personnel Department is Mr. Upchurch's employer for Title VII purposes. These entities are therefore entitled to judgment on the pleadings in their favor as to the Title VII claims alleged against them.

### III. Conclusion

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings [Dkt. 18] is <u>GRANTED</u>, with prejudice as to Plaintiff's Title VII claims and without

prejudice as to lack of jurisdiction as to all other claims.  Plaintiff's Title VII claims against the Indiana Department of Correction will proceed in the normal course.

  IT IS SO ORDERED.

Date:   8/30/2024

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

James Alex Emerson
COOTS HENKE & WHEELER, P.C.
aemerson@chwlaw.com