UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY UPCHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01310-SEB-KMB |
| | ) | |
| STATE OF INDIANA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' SECOND MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Timothy Upchurch brings this lawsuit against Defendants State of Indiana, Indiana Department of Correction, and Indiana State Personnel Department, as well as Defendants Wendy Knight, Andrew Cole, and Delana Gardner, in their official and individual capacities, alleging that Defendants subjected him to unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.  In October 2024, this case was consolidated with Case No. 1:24-cv-1376-JMS-MKK, and the Court ordered Plaintiff to file an amended complaint to set forth all allegations at issue in this case, which Plaintiff did on January 2, 2025.

Now before the Court is Defendants' Second Motion for Partial Judgment on the Pleadings [Dkt. 66].  Defendants seek judgment on the pleadings as to all claims and defendants other than the Title VII discrimination and retaliation claims alleged against

1

Defendant Indiana Department of Correction. For the reasons detailed below, we GRANT IN PART and DENY IN PART Defendants' motion.

## Factual Background

For approximately thirty years, Mr. Upchurch has worked in various positions within the Indiana Correctional Industrial Facility (CIF), which is operated by the Indiana Department of Correction, an agency of the State of Indiana. This is the second employment discrimination case filed by Mr. Upchurch over which the undersigned judge has presided. The first case, *Upchurch v. Indiana Department of Correction*, No. 1:19-cv-4644-SEB-MG, dealt with Mr. Upchurch's allegations of discriminatory and retaliatory employment actions occurring prior to January 28, 2022; this second case involves allegations arising after that date. On February 7, 2024, the Court granted summary judgment in favor of the Indiana Department of Correction[1] in Mr. Upchurch's first employment discrimination and retaliation case. That decision was recently affirmed on appeal by the Seventh Circuit Court of Appeals. *Upchurch v. Indiana*, __ F.4th __ , 2025 WL 2088910 (7th Cir. July 25, 2025).

In the instant case, Mr. Upchurch names as Defendants the State of Indiana; two state departments—the Indiana Department of Correction and the Indiana State Personnel Department; Wendy Knight, the former warden of CIF; Andrew Cole, the former deputy warden of CIF, who is now employed at a different facility, and Delana Gardner, the

---

[1] Mr. Upchurch originally named the State of Indiana as the sole defendant in 1:19-cv-4644-SEB-MG. However, after finding that the Indiana Department of Correction, rather than the State, was Mr. Upchurch's employer for Title VII purposes, the Court substituted the Department of Correction as the named defendant.

current warden of CIF, in their individual and official capacities. Mr. Upchurch's amended complaint contains the following allegations regarding the identity of his employer(s):

> The complaint names as Defendants, the State of Indiana, whom Plaintiff has been told by the State of Indiana is his employer, the Indiana Department of Correction, whom the State of Indiana now claims is his employer, and the Indiana State Personnel Department, which acts as part of the employer by providing to the State of Indiana and the Indiana Department of Correction employees who are imbedded in the State of Indiana and the Indiana Department of Correction to make employment policies and practices, conduct trainings, investigations, and recommendations for adverse actions against the employees, maintain personnel records for the employees, and provide employment information about employees to other organizations.

Am. Compl. ¶ 152. The amended complaint further alleges that "[t]he Defendants work together as an employer, joint employer, or other arrangements to cause adverse employment actions against the employees." *Id.* ¶ 153.

Much of the first twenty pages of Mr. Upchurch's amended complaint recount factual allegations regarding the allegedly adverse actions taken by Defendants prior to January 28, 2022, all of which were resolved in our ruling in his first case. The factual allegations set forth in Mr. Upchurch's amended complaint involving incidents occurring after January 28, 2022 include that, on August 14, 2022, he complained to CIF's Diversity and Inclusion Specialist of discrimination and retaliation, after which Defendants issued an unjustified written reprimand against him on September 28, 2022, and that, between February 11, 2022 and March 2024, he applied for more than forty positions within both the Department of Correction and other State agencies, but Defendants failed to promote or hire him to any of those jobs. Mr. Upchurch alleges that, although he was promoted to

3

the position of sergeant on June 24, 2024, on December 12, 2024, he was denied a promotion to the position of lieutenant, which was the position he had held prior to his initial complaints of race discrimination in 2018.

  Throughout the amended complaint, Mr. Upchurch almost exclusively references "the Defendants" collectively, only rarely specifying which individual or entity took action against him.  He alleges that Defendants work together to shift blame and evade responsibility and have failed to "prevent and correct discrimination and retaliation." Am. Compl. ¶¶ 154–55.  With respect to the individual defendants, Mr. Upchurch alleges that Wendy Knight was previously the Warden of CIF and "was personally involved in the actions against Plaintiff in this case." *Id.* ¶ 5.  The only specific acts that Mr. Upchurch attributes to Ms. Knight are her decision to demote him and her denial of his subsequent civil service complaint for race discrimination based on his demotion, both of which employment actions were taken in 2019 and, we note again, were addressed in Mr. Upchurch's previous employment discrimination case. *Id.* ¶¶ 19, 43.  Regarding Andrew Cole, Plaintiff alleges that he was previously the Deputy Warden of CIF and "was personally involved in the actions against Plaintiff in this case." *Id.* ¶ 5.  The only allegations specific to Mr. Cole are that he disciplined Mr. Upchurch on two separate occasions in 2019 and 2020 following Mr. Upchurch's complaints of discrimination, which disciplinary actions were also addressed in Mr. Upchurch's previous employment discrimination case.  With regard to Delana Gardner, Mr. Upchurch alleges that she is the "new warden" and that she "was personally involved in the actions against Plaintiff in this

case, and failures to correct the discrimination, the negative evaluation of Plaintiff, and failures to promote Plaintiff." *Id.* ¶ 5.

Based on these claims, Plaintiff alleges two broadly framed causes of action for race discrimination (Count I) and retaliation (Count II). The amended complaint states that Plaintiff seeks relief against the State, the State Personnel Department, and the Indiana Department of Correction under 42 U.S.C. §§ 1981a, 2000e-2, 2000e-5, and "related sections"; against the individual defendants in their official capacities under §§ 1981, 1981a, 1983, and "related sections," as well as *Ex Parte Young*, 209 U.S. 123 (1983); and against the individual defendants in their individual capacities under §§ 1981, 1981a, 1983, and "related sections." Am. Compl. ¶¶ 249, 251.

Now before the Court is Defendants' Second Motion for Partial Judgment on the Pleadings as to all claims alleged against them, other than the Title VII race discrimination and retaliation claims brought against the Indiana Department of Correction. That motion is fully briefed and ripe for ruling.

## Legal Analysis

### I.     Applicable Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the complaint and answer have been filed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). When resolving a motion for judgment on the pleadings, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party and

5

will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quotation marks and citation omitted). "Judgment on the pleadings is appropriate where there are no disputed issues of material fact and it is clear that the moving party" is "entitled to judgment as a matter of law." *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).

In addition, "we draw all reasonable inferences and facts in favor of the non-movant, but need not accept as true any legal assertions" (*Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018)), considering only the pleadings, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The Court is also permitted to consider "information that is subject to proper judicial notice," along with additional facts set forth in the plaintiff's brief opposing dismissal, so long as those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

## II.     Discussion

We address Plaintiff's claims of race discrimination and retaliation under Title VII, §1981, and § 1983 in turn below.

### A.     Title VII Claims Against Non-Department of Correction Defendants

In recently affirming our grant of summary judgment in Mr. Upchurch's previous employment discrimination case, the Seventh Circuit ruled that "[i]n lawsuits arising from state employment, 'the particular agency or part of the state apparatus that has actual

6

hiring and firing responsibility' is the 'employer' for purposes of Title VII and thus the appropriate defendant." *Upchurch*, 2025 WL 2088910, at *2 (quoting *DaSilva v. Indiana*, 30 F.4th 671, 674 (7th Cir. 2022)). Applying this rule, the Seventh Circuit held that "the Indiana Department of Correction, not the State of Indiana, is the relevant employer here. Although the State Personnel Department provides human resource services (such as investigation services in this case), the Department has the authority to hire and fire correctional workers in its facilities." *Id.* (citations omitted).

Mr. Upchurch's amended complaint contains no factual allegations that establish or support a plausible inference that any entity other than the Indiana Department of Correction has direct hiring and firing authority over correctional officers. To the extent that Mr. Upchurch seeks to challenge employment decisions made by other state agencies, such as the Department of Child Services, the proper defendant is neither the State nor the State Personnel Department but "the particular agency or part of the state apparatus that has actual hiring and firing responsibility." *Id*. Despite Mr. Upchurch's persistent arguing to the contrary, as raised in his prior litigation as well as here, his claims are only assertable against the Indiana Department of Correction. Accordingly, Mr. Upchurch's Title VII discrimination and retaliation claims against all defendants other than the Indiana Department of Correction are dismissed.

## B. Section 1981 and Section 1983 Claims

In Counts I and II, Mr. Upchurch has brought his discrimination and retaliation claims pursuant to § 1981 and § 1983. In his briefing, however, Mr. Upchurch clarifies that he is not alleging any claim under § 1983 against the State, State Personnel

Department, or the Department of Correction. That leaves § 1981 as the basis for these claims. However, any § 1981 claim against the State, the State Personnel Department, and the Department of Correction is barred by the Eleventh Amendment. *See Rucker v. Higher Educ. Aids Board*, 669 F.2d 1179, 1184 (7th Cir. 1982) (holding that states and state agencies are entitled to sovereign immunity for § 1981 claims). Accordingly, any such § 1981 claim must be dismissed.

Regarding the individual defendants, Mr. Upchurch has sued them in both their individual and official capacities for discrimination and retaliation under § 1981 and § 1983. The Seventh Circuit has held that "42 U.S.C. § 1981 does not create a private right of action against state actors," such that "§ 1983 remains the exclusive remedy for violations of § 1981 committed by state actors." *Campbell v. Forest Preserve Dist. of Cook Cnty., Ill.*, 752 F.3d 665, 671 (7th Cir. 2014). Recognizing this precedent, Mr. Upchurch concedes that he is not asserting a standalone § 1981 claim against the individual defendants, but rather has crafted something of a hybrid claim based on "a violation of Section 1981 through the enforcement under Section 1983." Dkt. 74 at 14.

Section 1983 claims must comply with the Eleventh Amendment. Although the Eleventh Amendment immunizes state officials sued in their official capacities against damages suits, under the narrow exception of *Ex Parte Young*, 209 U.S. 123 (1908), state officials may be sued in their official capacities when the "complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (quotation marks and citation omitted). "[A] suit for prospective injunctive relief is not deemed a

suit against the state and thus is not barred by the Eleventh Amendment." *Kashani v. Purdue Univ.*, 813 F.2d 843, 848 (7th Cir. 1987).

Mr. Upchurch contends that his claims against Defendants Knight, Cole, and Gardner in their official capacities come within the *Ex Parte Young* exception because he seeks prospective relief for ongoing discrimination and retaliation in the form of "reinstatement" to the position of captain and/or "other injunctive relief." Am. Comp. at 32–33. Defendants rejoin that Mr. Upchurch is not entitled to "reinstatement" because he has never held the position of captain or above, so placing him in such a position would not constitute reinstatement. Further, Defendants argue that there is no reason that Mr. Upchurch would be entitled to reinstatement after his 2019 demotion because this court and the appellate court have both determined that such demotion was not discriminatory or retaliatory.

Given that Mr. Upchurch was not ever terminated and has never held the position of captain, we agree with Defendants that any entitlement to the remedy of "reinstatement" to such position is not likely, even if he were successful in proving that he was subjected to unlawful discrimination or retaliation. That does not necessarily foreclose some other form of prospective relief, such as a promotion to the position of captain, if he is able to prove (as he seeks to do based on his amended complaint) that he failed to receive such a promotion due to Defendants' discriminatory or retaliatory conduct occurring after January 22, 2022.

And then there is the issue of whether the correct party defendants have been named and are properly before the Court. Defendants Knight and Cole no longer work at

CIF, leaving Defendant Gardner as the only individually-named defendant with authority to provide such relief, if ordered; thus, Defendant Gardner is the only proper defendant regarding this claim. Accordingly, Defendants' official capacity § 1983 claim for prospective relief may proceed solely against Defendant Gardner, but will be dismissed as to Defendants Knight and Cole.

Unlike official capacity § 1983 claims, the Eleventh Amendment typically does not bar suits brought against state officials in their individual capacities "because the plaintiff is seeking damages from individuals rather than from the state treasury." *Luder v. Endicott*, 253 F.3d 1020, 1022–23 (7th Cir. 2001) (citations omitted). If, however, the plaintiff's lawsuit "demonstrably has the identical effect as a suit against the state," a plaintiff may not seek monetary relief against state employees in their individual capacities. *Haynes v. Ind. Univ.*, 902 F.3d 724, 732 (7th Cir. 2018) (quotation marks and citation omitted). This means that Eleventh Amendment "sovereign immunity bars individual-capacity claims for damages whenever the money will flow from the state treasury to the plaintiff." *Id.* (internal quotation marks and citation omitted).

Applying these legal principles, courts in our circuit have found in similar cases to this, "[w]hen the plaintiff seeks damages against individual defendants arising from an employment relationship, Eleventh Amendment immunity applies because any damages would be paid by the state employer." *Wade v. Ind. Univ. Sch. of Med.*, No. 1:16-cv-02256-TWP-MJD, 2019 WL 3067519, at *8 (S.D. Ind. July 12, 2019) (citing *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003) (holding that because the plaintiff sought backpay and other forms of monetary compensation based on an employment contract, it

was "so inescapable that any resulting judgment will be paid by the state rather than the individual defendants that this bears no resemblance to a bona fide individual capacity suit"); *Haynes*, 902 F.3d at 732 ("University administrators were not parties to [plaintiff's] employment contract in their individual capacities. We have no reason to believe that they, rather than the University would foot the bill for a resulting judgment. Sovereign immunity therefore defeats [plaintiff's] damages action against the University administrators, both in their individual and official capacities.")).

The fact that Mr. Upchurch seeks to recover compensatory damages apart from his lost wages and benefits as well as an award of punitive damages from Defendants Knight, Cole, and Gardner does not obscure the fact that his allegations against these individuals are in truth all based on their having allegedly denied him "employment opportunities []he would have received *from the state* in the absence of race discrimination [and/or retaliation]." *Hoffman v. Board of Regents of Univ. of Wis. Sys.*, No. 23-cv-853-jdp, 2025 WL 1504376, at *5 (W.D. Wis. May 27, 2025); *see also Gerlach v. Rokita*, 95 F.4th 493, 501 (7th Cir. 2024) ("Even if the sought after compensation would not definitively be paid out of the state treasury, if the amount the plaintiff seeks should have been paid by the State, the suit is likely one against the state itself.") (internal quotation marks and citation omitted). Thus, this case "bears no resemblance to a *bona fide* individual capacity suit and should be dismissed." *Smith v. Ill. Dep't of Corrections*, No. 24-cv-5022, 2025 WL 744098, at *3 (N.D. Ill. Mar. 7, 2025). Accordingly, Mr. Upchurch's § 1983 damages claims as framed against Defendants Knight, Cole, and Gardner in their

11

individual capacities are indistinguishable from a suit against the state, and therefore must be dismissed based on sovereign immunity.

### III. Conclusion

For the reasons detailed above, Defendants' Second Motion for Partial Judgment on the Pleadings is <u>DENIED</u> as to Plaintiff's § 1983 claims against Defendant Gardner in her official capacity, and <u>GRANTED</u> in all other respects. The case will proceed as to Plaintiff's official capacity § 1983 claim against Defendant Gardner and the Title VII claims against Defendant Indiana Department of Correction which have not been reviewed by the Court in the pending motion. All other claims and defendants are hereby dismissed.

IT IS SO ORDERED.

Date: 8/12/2025

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

James Alex Emerson
COOTS HENKE & WHEELER, P.C.
aemerson@chwlaw.com

Laura Parks
lparks@chwlaw.com