UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY UPCHURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01310-SEB-KMB |
| ) | |
| STATE OF INDIANA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| TIMOTHY UPCHURCH, ) | |
| ) | |
| Consol Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DELANA GARDNER, et al., ) | |
| ) | |
| Consol Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

Presently pending before this Court is Plaintiff Timothy Upchurch's Motion to Compel. [Dkt. 100.] For the reasons detailed below, the Motion is **DENIED**. Defendants' request for attorneys' fees and expenses related to defendant the Motion is also **DENIED**.

### I. RELEVANT BACKGROUND

This case arises from Plaintiff's claims of discrimination and retaliation against the Indiana Department of Correction and individual Defendants based on events occurring during his employment at the Correctional Industrial Facility ("CIF"). [Dkt. 64.] Plaintiff asserts that he has been discriminated against based on his race and retaliated against based on his complaints of discrimination. [*Id.* at 30-33.] The Complaint makes factual allegations regarding alleged promotions received by Coby Richardson and Matthew Perry over Plaintiff. [*See, e.g., id.* at 23.]

1

During discovery, Plaintiff served multiple sets of discovery requests seeking, among other things, personnel documents related to employees who were promoted or considered for promotion during the relevant period. [Dkt. 102 at 5-6.] In response to Plaintiff's first two sets of Requests for Production, in 2024 Defendants produced the complete personnel files of all employees who Plaintiff identified as relevant comparators, including Mr. Richardson and Mr. Perry. [*Id*. at 5.] Those productions included the documents contained in the physical personnel folders maintained at CIF by the embedded State Personnel Department representative, Tina Melton. [*Id*. at 3.]

In June 2025, Plaintiff served a Fourth Set of Requests for Production which included the discovery request at issue—Request for Production No. 2—again seeking documents relating to Mr. Richardson's 2022 promotion or demotion. [Dkt. 102-5.] Defendants objected to that request as duplicative and redundant because of their prior production of the personnel files. [*Id*.] Defendants explained that because CIF maintains personnel files exclusively in physical hard-copy form, any documentation concerning an employee's promotion or demotion would be expected to appear in that file that had already been produced to Plaintiff. [Dkts. 102 at 6; 102-5.]

Non-expert and liability discovery in this case closed on July 25, 2025. [Dkt. 93.] On August 22, 2025, Defendants supplemented their earlier productions after learning at Plaintiff's July deposition that Mr. Richardson personally retained two documents related to a brief promotion in 2022, including a notification of shift/assignment change and a demotion letter, which were not located in his personnel file. [Dkt. 102 at 8.] Defendants promptly produced those documents and explained their source. [Dkt. 102-7.] Following this supplementation, Defendants and Ms. Melton conducted an additional search for any other documents related to Mr. Richardson's personnel file, but no additional materials were located. [*Id*. at 9.]

2

On August 25, 2025, Defendants filed a Motion for Summary Judgment. [Dkt. 89.] Plaintiff has not yet responded to that motion, as his deadline to do so has been extended to November 17, 2025. [Dkt. 108.]

On September 25, 2025, the Court held a Telephonic Discovery Conference related to the discovery request detailed above as well as six other categories of documents that Plaintiff believed still needed to be produced. [Dkt. 99.] At the Discovery Conference, Defendants maintained that all documents responsive to Plaintiffs' Requests for Production had been produced, including those responsive to Request No. 2. [*Id*. at 3.] In its Minute Entry from the Discovery Conference, the Court stated as follows:

> The categories of requested discovery at issue relate to non-expert and liability discovery in this case. Over the course of the Discovery Conference, which lasted 80 minutes, the Court heard extensive argument from counsel on each of the seven categories of documents. The Court repeatedly asked counsel how the disputes raised are timely, given the applicable case management plan deadlines. At the end of the Discovery Conference, the Court stated that Plaintiff may file a motion to compel if he sees fit to do so; however, if the same arguments are presented in a motion, the undersigned will deny a motion to compel related to requests two through seven as untimely. Discovery in this case has been proceeding since 2023, the case management plan deadline for completing non-expert and liability discovery was July 25, 2025, the deadline to file a dispositive motions was August 25, 2025, and Defendants filed a dispositive motion on August 25, 2025. Plaintiff did not contact the Court to request a discovery conference until September 17, 2025, which was nearly two months after the non-expert and liability discovery deadline and almost one month after the dispositive motions deadline.
>
> ***
>
> The Court held this Discovery Conference to facilitate discussion of the seven disputed discovery categories and to confirm it understood the nature of the Parties' disputes. Having confirmed that, the Court emphasizes that non-expert and liability discovery in this case is **closed**. One limited exception to that statement may exist for the first category of documents requested by Plaintiff as set forth in the Parties' Joint Submission, given that Plaintiff's request in the category relates to a document produced by Defendants on August 22, 2025. [Dkt. 96 at 3.] None of the other categories in dispute have been timely raised. With regard to the first category of documents, Defendants claim to have responded to that request "in full." [Dkt. 96 at 7.] Thus, if Plaintiff intends to file a motion to compel related to that category,

3

he shall do so promptly and be very clear exactly what he is seeking as it relates to that category.

[Dkt. 99 at 2-3 (original emphasis).]

On October 4, 2025, Plaintiff filed the present Motion to Compel, seeking production of documents related to Request No. 2. [Dkt. 100.] Plaintiff also seeks to compel Defendants to produce "all personnel documents of the person promoted and demoted with [Mr.] Richardson, recently identified as Matthew Perry." [*Id*. at 3.]

## II.    LEGAL STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 U.S. Dist. LEXIS 52212, at *3 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, Federal Practice and Procedure § 2001, at 44-45 (2d ed. 1994)). Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," regardless of admissibility. *Est. of Daniels by Stover v. City of Indianapolis*, 2021 U.S. Dist. LEXIS 200013, at *3 (S.D. Ind. Oct. 18, 2021) (citing Fed. R. Civ. P. 26(b)(1)). The burden "rests upon the objecting party to show why a particular discovery request is improper[,]" and the objecting party "must show with specificity that the request is improper." *Hunt v. Hubler Chevrolet, Inc.*, 2019 U.S. Dist. LEXIS 34137, at *5 (S.D. Ind. Mar. 4, 2019).

## III.    DISCUSSION

In the Motion to Compel, Plaintiff asserts that Defendants have not fully responded to Request No. 2. [Dkt. 100.] Plaintiff also asserts that the Declaration of Wendy Knight filed in support of Defendants' Motion for Summary Judgment identifies Mr. Perry as another individual

4

who was promoted and demoted with Mr. Richardson, such that Defendants must know of additional documentation related to Mr. Perry's promotion or demotion. [*Id*. at 2.] Plaintiff thereby requests that the Court compel the "interview notes and letter of promotion of Coby Richardson in 2022, and the personnel documents of the person promoted and demoted with Richardson." [*Id*.] Plaintiff does not attach any evidence to support his assertion that such documents remain outstanding.

Defendants oppose Plaintiff's Motion to Compel, arguing that they have fully complied with Request No. 2 by producing Mr. Richardson's entire personnel file in 2024 and later supplementing their production with the only additional materials that Mr. Richardson personally retained. Defendants also assert they have produced Mr. Perry's entire personnel file and that no other documents exist. [Dkt. 102 at 10 n.6.] Defendants further contend that the pending motion is untimely because fact discovery closed on July 25, 2025, and Plaintiff has had Mr. Richardson's personnel file since 2024. [*Id*. at 12.] They maintain that if Plaintiff believed any documents were missing, he should have raised that concern during discovery, particularly because the only reason Defendants learned of the two additional documents related to Mr. Richardson was through Plaintiff's own testimony at his deposition.[1] [*Id.*] Defendants also ask the Court to award them their attorneys' fees in defending the pending motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). [*Id.* at 14.]

In reply, Plaintiff reiterates his belief that additional documents relating to Mr. Richardson's 2022 promotion and demotion "should" exist, including interview notes and other materials he contends are ordinarily generated during a promotion process. [Dkt. 105 at 5.] Plaintiff does not

---

[1] The Court need not resolve Defendants' timeliness argument because, even assuming Plaintiff's Motion to Compel is timely, the Court denies the pending motion on the merits for the reasons stated herein.

5

attach any evidence in support of his suspicions that more documents "should" exist.  He instead argues that Defendants' August 2025 supplementation shows that their earlier productions were incomplete, and he asserts that the absence of further documentation suggests that Defendants either failed to search all potential sources or removed or destroyed the materials.  [*Id.* at 6.] Plaintiff also maintains that his motion is timely because the Court permitted a motion limited to Request No. 2 at the Discovery Conference.  [*Id.*]

### A.  Request No. 2 and Mr. Perry's Personnel File

Plaintiff's Motion relies on his belief that additional documents relating to Request No. 2 and Mr. Perry's personnel file "should" exist.  [Dkt. 105 at 5.]  Plaintiff identifies no evidence supporting the existence of any materials that have not already been produced.  He attaches no affidavit, deposition excerpts, contemporaneous record, or other information suggesting that additional documents were ever created or remain in Defendants' custody or control.

Defendants are adamant that no additional documents exist.  [Dkt. 102 at 12.]  Plaintiff's speculation, without more, is insufficient to warrant compelling a further production.  Courts routinely reject motions to compel based solely on a party's belief that additional documents "must" exist.  *See GJMS, LLC v. Hamstra Builders, Inc.*, 2019 U.S. Dist. LEXIS 252004, at *5 (N.D. Ind. Oct. 1, 2019) ("While [Plaintiff] argues that it '[s]trains credulity' that source documents from the loan do not exist, [Plaintiff] offers no particular evidence beyond its disbelief.  Because Defendants have clearly stated their position that these documents do not exist, they do not need to respond further on that issue."); *see also Fine Line Distribs. Inc. v. Rymer Meats Inc.*, 1994 U.S. Dist. LEXIS 9730, at *9 (N.D. Ill. July 15, 1994) (denying motion to compel where plaintiff offered "no proof to support" the contention that additional documents existed and finding defendants' representation acceptable absent contrary evidence).  Likewise, unless a movant

6

presents evidence that more responsive documents exist, a court "simply has no relief to afford [plaintiff] at this juncture." *Echemendia v. Gene B. Glick Mgmt. Corp.*, 2007 U.S. Dist. LEXIS 8120, at *6 (N.D. Ind. Feb. 2, 2007).

Defendants represent that they produced Mr. Richardson's entire CIF-maintained personnel file in 2024 and supplemented that production in August 2025 when they located the only additional documents in Mr. Richardson's personal possession. [*See* dkt. 102 at 12 ("The Court should deny the Motion because there is nothing more to produce.").] Defendants further explain that CIF maintains its personnel files exclusively in physical form and that any documents relating to an employee's promotion or demotion would ordinarily be contained within that file. [*Id.* at 2.] After learning at Plaintiff's deposition that Mr. Richardson personally retained some documents, Defendants and Ms. Melton conducted an additional search but located no additional responsive materials. [*Id.* at 9.] Similarly, Defendants assert that they have produced Mr. Perry's entire personnel file and are not aware of any other documents that may exist. [Dkt. 102 at 10 n.6.]

Accordingly, based on Defendants' detailed representations concerning their search efforts, their August 2025 supplementation, and the physical nature of CIF's personnel files, and in the absence of any evidence from Plaintiff showing that additional materials exist, the Court finds no basis to order further production. Accordingly, Plaintiff's Motion to Compel is **DENIED**. [Dkt. 100.]

### B. Defendants' Attorneys' Fees Request

Defendants request an award of their fees and expenses incurred in responding to Plaintiff's Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). [Dkt. 102 at 14.] That rule provides as follows:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant,

the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. Pro. 37(a)(5)(B).

Although the Court has denied Plaintiff's Motion to Compel on the merits, under the circumstances presented in this case, it will not order Plaintiff to pay Defendants' fees and expenses related to defending this motion. The Court heard extensive argument from counsel for the Parties at the Discovery Conference that preceded this motion, which was related to seven categories of documents. After that conference, the Court stated that

> Plaintiff may file a motion to compel if he sees fit to do so; however, if the same arguments are presented in a motion, the undersigned will deny a motion to compel related to requests two through seven as untimely. . . . One limited exception to that statement may exist for the first category of documents requested by Plaintiff as set forth in the Parties' Joint Submission, given that Plaintiff's request in the category relates to a document produced by Defendants on August 22, 2025.

[Dkt. 99.] Because Plaintiff chose to limit the pending Motion to Compel, even though it has now been denied, the Court concludes that these circumstances make an award of expenses unjust, such that the Court will not award Defendants their fees and expenses in opposing Plaintiff's motion. Accordingly, Defendants' request for fees and expenses is **DENIED**.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Compel is **DENIED**. [Dkt. 100.] Defendants' request for fees and expenses under Federal Rule of Civil Procedure 37(a)(5)(B) is also **DENIED**.

**SO ORDERED.**

Date: 11/17/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All registered counsel of record via CM/ECF